UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

BRIAN EDWARD LAW,

          Plaintiff,

    v.

PIERCE COUNTY SHERIFF'S DEPARTMENT,

          Defendant.

CASE NO. 3:23-cv-05085-JCC-JRC

ORDER TO SHOW CAUSE

This matter is before the Court on referral from the District Court and on plaintiff's motion to proceed *in forma pauperis* ("IFP"). *See* Dkt. 3.

Plaintiff proceeds *pro se*, and his proposed complaint is subject to screening by the Court under 28 U.S.C. § 1915A, which requires dismissal of a complaint that is frivolous, malicious, or fails to state a claim upon which relief can be granted. Plaintiff's proposed complaint fails to state a claim upon which relief can be granted. However, the Court will grant plaintiff an opportunity to amend his proposed complaint to correct the deficiencies set forth herein.

If plaintiff chooses to amend his proposed complaint, he must file his amended proposed complaint on or before April 14, 2023. Failure to do so or to comply with this Order will result in the undersigned recommending dismissal of this matter. Further, because it does not appear that plaintiff has presented this Court with a viable claim for relief, the Court declines to rule on his IFP motion at this time. Instead, the Clerk shall renote the IFP motion for the Court's consideration on April 14, 2023.

## BACKGROUND

Plaintiff is currently housed at the Pierce County Jail and seeks to proceed IFP to file an action against Pierce County Sheriff's Department. *See* Dkt. 1. Plaintiff's proposed complaint is difficult to follow, but it appears he is alleging that Pierce County Sheriffs and prosecutors violated his Constitutional rights when they arrested and prosecuted him in or around November 2022. *See id.* at 4. Plaintiff seeks $4.5 million in compensatory damages and $2.5 million in punitive damages. *See id.* at 27.

## DISCUSSION

### I. Legal Standard

A complaint "must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009) (quoting Fed. R. Civ. P. 8(a)(2)). To state a claim on which relief may be granted, plaintiff must go beyond an "unadorned, the-defendant-harmed-me accusation[s]," "labels and conclusions," and "naked assertions devoid of further factual enhancement." *Id.* at 678 (internal quotation marks and citations omitted). Although the Court liberally interprets a *pro se* complaint, even a liberal interpretation will not supply essential elements of a claim that plaintiff has not pleaded. *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982). In addition to setting forth the legal

framework of a claim, there must be sufficient factual allegations undergirding that framework "to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

When a plaintiff is proceeding *pro se*, this Court must "'construe the pleadings liberally and . . . afford the [plaintiff] the benefit of any doubt.'" *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (internal citation omitted). The claims will be dismissed only where it "'appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (internal citation omitted).

To state a claim under § 1983, a plaintiff must allege facts showing (1) the conduct about which he complains was committed by a person acting under the color of state law; and (2) the conduct deprived him of a federal constitutional or statutory right. *Wood v. Ostrander*, 879 F.2d 583, 587 (9th Cir. 1989). In addition, to state a valid § 1983 claim, a plaintiff must allege that he suffered a specific injury as a result of the conduct of a particular defendant, and he must allege an affirmative link between the injury and the conduct of that defendant. *Rizzo v. Goode*, 423 U.S. 362, 371–72, 377 (1976).

If the person named as a defendant was a supervisory official, plaintiff must either state that the defendant personally participated in the constitutional deprivation (and tell the Court the things listed above), or plaintiff must state, if he can do so in good faith, that the defendant was aware of the similar widespread abuses, but with deliberate indifference to plaintiff's constitutional rights, failed to take action to prevent further harm to plaintiff and also state facts to support this claim. *See Monell v. New York City Department of Social Services*, 436 U.S. 658, 691 (1978).

1    Plaintiff must repeat this process for each person he names as a defendant. If plaintiff
2 fails to affirmatively link the conduct of each named defendant with the specific injury suffered
3 by plaintiff, the claim against that defendant will be dismissed for failure to state a claim.
4 Conclusory allegations that a defendant or a group of defendants have violated a constitutional
5 right are not acceptable and will be dismissed.

6   **II.    Form of Complaint**

7    Plaintiff's proposed complaint includes lengthy recitations of law and does not clearly
8 identify causes of action, which makes it particularly difficult to determine what claims plaintiff
9 intends to bring and against whom. Plaintiff should be aware that a complaint that is too verbose,
10 long, confusing, redundant, irrelevant, or conclusory may be dismissed for failure to comply with
11 Rule 8. *See Cafasso v. Gen. Dynamics C4 Sys.*, 637 F.3d 1047, 1058–59 (9th Cir. 2011) (citing
12 cases upholding dismissals for those reasons). If plaintiff chooses to amend his proposed
13 complaint, he is encouraged to review the proper forms and information for *pro se* filers,
14 including a *pro se* handbook, that can be found on the district court's website at
15 https://www.wawd.uscourts.gov/representing-yourself-pro-se.

16   **III.   Municipal Liability**

17    Plaintiff names Pierce County Sheriff's Department as the defendant in this action. *See*
18 Dkt. 1. However, Pierce County Sheriff's Department is not an appropriate defendant because
19 plaintiff "must name the county or city itself as party to the action, and not the particular
20 municipal department or facility where the alleged violation occurred." *Osborne v. Vancouver*
21 *Police*, 2017 WL 1294573 at *9 (W.D. Wash. 2017). While municipalities and local government
22 units, such as Pierce County, are considered persons for § 1983 purposes, they are only liable for
23 policies, regulations, and customs adopted and promulgated by that body's officers. *See Monell*
24

1  *v. Department of Social Services of City of New York*, 436 U.S. 658, 690 (1978). To recover,
2  plaintiff must show that county employees or agents acted through an official custom or policy
3  that permits violation of plaintiff's civil rights, or that the entity ratified the unlawful conduct.
4  *See Monell*, 436 U.S. at 690–91.
5        Here, plaintiff only alleges in a conclusory manner that Pierce County is liable because it
6  failed to train and promulgated policies that led to his alleged constitutional violations. *See* Dkt.
7  1 at 3, 15. However, plaintiff does not explain how a policy, regulation, or custom of the county
8  violated a Constitutional or statutory right; he merely alleges supervisory liability. *See* Dkt. 1 at
9  15. Therefore, plaintiff has failed to state a claim against a proper defendant.
10      **IV.**    **Heck Bar**
11        Plaintiff appears to be challenging the validity of his arrest and prosecution. *See generally*
12  Dkt. 1. For example, plaintiff alleges that sheriffs "unlawfully arrested, assaulted, prosecuted,
13  and harassed him." *Id.* at 1. He alleges that the prosecutor vindictively prosecuted plaintiff and
14  forged documents. *See id.* at 4.
15        A plaintiff may only recover damages under § 1983 for allegedly unconstitutional
16  imprisonment, or for any other harm caused by actions whose unlawfulness would render the
17  imprisonment invalid, if he can prove the conviction or other basis for confinement has been
18  reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal
19  authorized to make such a determination, or called into question by a federal court's issuance of
20  a writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994). A "§ 1983 action is
21  barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no
22  matter the target of his suit (state conduct leading to the conviction or internal prison
23  proceedings)—*if* success in that action would necessarily demonstrate the invalidity of
24

confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81–82 (2005) (emphasis in original).

Plaintiff has not alleged anything in the proposed complaint that suggests his conviction has been reversed, expunged, or declared invalid. Accordingly, plaintiff must show cause why his claims should not be dismissed as *Heck* barred.

**CONCLUSION**

Due to the deficiencies described above, unless plaintiff shows cause or amends the proposed complaint, the Court will recommend dismissal of the action without prejudice. If plaintiff intends to pursue a § 1983 civil rights action in this Court, he must file an amended complaint and within the amended complaint, he must write a short, plain statement telling the Court: (1) the constitutional right plaintiff believes was violated; (2) the name of the person who violated the right; (3) exactly what the individual did or failed to do; (4) how the action or inaction of the individual is connected to the violation of plaintiff's constitutional rights; and (5) what specific injury plaintiff suffered because of the individual's conduct. *See Rizzo v. Goode*, 423 U.S. 362, 371–72, 377 (1976).

Plaintiff shall present the amended complaint on the form provided by the Court. The amended complaint must be legibly rewritten or retyped in its entirety, it should be an original and not a copy, it should contain the same case number, and it may not incorporate any part of the original complaint by reference. The amended complaint will act as a complete substitute for the original complaint, and not as a supplement. An amended complaint supersedes the original complaint. *Forsyth v. Humana, Inc.,* 114 F.3d 1467, 1474 (9th Cir. 1997) *overruled in part on other grounds, Lacey v. Maricopa County,* 693 F.3d 896 (9th Cir. 2012). Therefore, the amended complaint must be complete in itself and all facts and causes of action alleged in the proposed

1 | complaint that are not alleged in the amended complaint are waived. *Forsyth,* 114 F.3d at 1474.
2 | The Court will screen the amended complaint to determine whether it contains factual allegations
3 | linking each defendant to the alleged violations of plaintiff's rights. The Court will not authorize
4 | service of the amended complaint on any defendant who is not specifically linked to a violation
5 | of plaintiff's rights.
6 |     Plaintiff must file the proposed amended complaint by April 14, 2023. Failure to cure the
7 | deficiencies identified in this order will result in a recommendation of dismissal. The Clerk is
8 | directed to send plaintiff a copy of this Order and the appropriate forms for filing a 42 U.S.C. §
9 | 1983 civil rights complaint.
10 |     Dated this 15th day of March, 2023.

J. Richard Creatura
Chief United States Magistrate Judge