UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

BRIAN EDWARD LAW,

                Plaintiff,

    v.

JEFFREY GUDAITIS,

               Defendant.

CASE NO. 3:23-cv-05085-JCC-GJL

REPORT AND RECOMMENDATION

Noting Date: June 9, 2023

This matter is before the Court on referral from the District Court and Plaintiff's filing of an Amended Complaint and motion to proceed *in forma pauperis* ("IFP"). Dkts. 7, 3. The Court screened Plaintiff's original Complaint under 28 U.S.C. § 1915A, identified deficiencies in the Complaint, and directed Plaintiff to file an amended complaint curing the deficiencies. Dkt. 5. Because it did not appear Plaintiff had presented a viable claim for relief, the Court also deferred ruling on Plaintiff's motion to proceed IFP. *Id*. at 2. On April 3, 2023, Plaintiff filed an Amended Complaint. Dkt. 7.

The Court has reviewed Plaintiff's Amended Complaint and finds that the Amended Complaint remains deficient and cannot be cured by amendment. Therefore, the Court

REPORT AND RECOMMENDATION - 1

recommends this matter be dismissed without prejudice pursuant to 28 U.S.C. §§ 1915A(a) and 1915(e).

## I. BACKGROUND

Plaintiff is currently a pretrial detainee at the Pierce County Jail and brings this 42 U.S.C. § 1983 action arising out of his arrest and prosecution for possession of a stolen vehicle. Dkt. 7. Plaintiff's Amended Complaint alleges Deputy Pierce County Sheriff Jeffrey Gudaitis violated Plaintiff's Constitutional rights by wrongfully arresting him and improperly investigating his criminal charges. *Id*. at 4. Plaintiff seeks damages of $2 million and an investigation of the "Pierce county Judicial and Law Enforcement System." *Id*. at 12.

## II. DISCUSSION

**A.    Legal Standard**

Under the Prison Litigation Reform Act of 1995, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must "dismiss the complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* at (b); 28 U.S.C. § 1915(e)(2); *see Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998).

A *pro se* plaintiff's complaint is to be construed liberally, but like any other complaint, it must nevertheless contain factual assertions sufficient to support a facially plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim for relief is facially plausible when "the plaintiff pleads factual

content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show: (1) he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) the violation was proximately caused by a person acting under color of state or federal law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). The first step in a § 1983 claim is therefore to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994). To satisfy the second prong, a plaintiff must allege facts showing how individually named defendants caused, or personally participated in causing, the harm alleged in the complaint. *See Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988); *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981).

**B.    *Younger* Abstention**

The Amended Complaint alleges Plaintiff's Constitutional rights were violated during his arrest on November 28, 2022, and subsequent prosecution for unlawful possession of a stolen motor vehicle. Dkt. 7 at 6. According to state court records, Plaintiff's criminal matter arising out of that arrest remains pending. *See State v. Law*, Pierce County Superior Court Case No. 22-1-03228-8 (court docket available at [LINX Search (pierce.wa.us)](#) (searching for "22-1-03228-8")).[1]

Generally, federal courts will not intervene in a pending criminal proceeding absent extraordinary circumstances where the danger of irreparable harm is both great and immediate. *Younger*, 401 U.S. at 45, 46. Under *Younger*, abstention from interference with pending state judicial proceedings is appropriate when: "(1) there is an ongoing state judicial proceeding; (2)

---

[1] The Court may take judicial notice of documents on file in federal or state courts. *Harris v. Cty. of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012).

REPORT AND RECOMMENDATION - 3

the proceeding implicates important state interests; (3) there is an adequate opportunity in the state proceedings to raise constitutional challenges; and (4) the requested relief seeks to enjoin or has the practical effect of enjoining the ongoing state judicial proceeding." *Arevalo v. Hennessy*, 882 F.3d 763, 765 (9th Cir. 2018) (alterations adopted) (citation and internal quotation marks omitted). Courts may *sua sponte* consider the propriety of a *Younger* abstention. *San Remo Hotel v. City & Cnty. of San Francisco*, 145 F.3d 1095, 1103 (9th Cir. 1998); *see Younger*, 401 U.S. at 40–41.

*Younger* principles apply to actions at law (that is, for damages) as well as for injunctive or declaratory relief because a determination the federal plaintiff's constitutional rights have been violated would have the same practical effect as a declaration or injunction on pending state proceedings. *Gilbertson v. Albright*, 381 F.3d 965, 968 (9th Cir. 2004).

Here, state court records show state criminal proceedings are currently pending against Plaintiff. *See State v. Law*, Pierce County Superior Court Case No. 22-1-03228-8. Plaintiff's state court criminal case is ongoing, involves a criminal prosecution implicating important state interests, and there is nothing to indicate Plaintiff would be prevented from raising, in his state court criminal case, the same claims he raises in the Amended Complaint in this action. Plaintiff also fails to present sufficient facts in his Amended Complaint to show risk of great and immediate irreparable harm; there is no proof of any extraordinary circumstances requiring the Court's intervention. Thus, Plaintiff brings an action here that would unduly interfere with the state criminal proceeding and the Court should abstain from deciding these claims pursuant to *Younger*.

Plaintiff's Amended Complaint has clarified that his claims relate solely to an ongoing state court criminal proceeding, and he has alleged no risk of great and irreparable harm. Thus,

REPORT AND RECOMMENDATION - 4

no amendment could cure the defects in Plaintiff's Amended Complaint. The Court therefore recommends that Plaintiff's claims, and this action, be dismissed. The Court further recommends that Plaintiff's motion to proceed IFP be denied as moot.

**C.    Leave to Amend**

Where a *pro se* litigant's complaint fails to state a claim upon which relief can be granted, the Court generally grants him the opportunity to amend the complaint. *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam). However, the Court may deny leave to amend if "it is absolutely clear that no amendment can cure the defect." *Id.* Moreover, where Plaintiff has already received an opportunity to amend, the court's discretion to deny leave to amend is "particularly broad." *Fid. Fin. Corp. v. Fed. Home Loan Bank of San Francisco,* 792 F.2d 1432, 1438 (9th Cir.1986). Because Plaintiff has an ongoing state criminal case requiring the Court to abstain from consideration of his claims pursuant to *Younger*, the Court finds leave to amend is not warranted.

### III.    CONCLUSION

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit

//
//
//

REPORT AND RECOMMENDATION - 5

imposed by Fed. R. Civ. P. 72(b), the Clerk is directed to set the matter for consideration on June 9, 2023, as noted in the caption.

Dated this 23rd day of May, 2023.

Grady J. Leupold
United States Magistrate Judge

REPORT AND RECOMMENDATION - 6